IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

SAB ONE, INC., )
 )
       Plaintiff, )
 )
vs. ) Case No. CIV-14-1085-D
 )
THE TRAVELERS INDEMNITY )
COMPANY OF CONNECTICUT, *et al.*, )
 )
       Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 8], filed by The Travelers Indemnity Company of Connecticut ("Travelers") and Ruben Alberto Gaztambide pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff SAB One, Inc. has timely opposed the Motion with respect to Travelers only, and Travelers has filed a reply brief. Plaintiff has voluntarily dismissed all other defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), rendering the Motion moot as to Mr. Gaztambide.

Plaintiff filed this action in state court asserting claims under Oklahoma law for breach of contract, breach of the insurer's duty of good faith and fair dealing,[1] breach of fiduciary duty, negligence in the procurement of insurance, constructive fraud/negligent misrepresentation, negligent underwriting, and violation of the Oklahoma Consumer Protection Act ("OCPA"), Okla. Stat. tit. 15, §§ 751-764.1. All claims relate to a business

---

[1] Plaintiff included in its pleading a separate claim for breach of a common law duty of good faith and fair dealing that, as to Travelers, is duplicative of a claim of insurer's bad faith. Therefore, the Eighth Cause of Action against Travelers will be dismissed.

owner's insurance policy issued by Travelers, a covered loss resulting from a hail storm in April 2013, and allegations that Travelers failed to compensate Plaintiff fully for damage to the insured property. Travelers timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a).

By the Motion, Travelers requests a dismissal of Plaintiff's claim for punitive damages based on a breach of contract, and the dismissal of other claims due to the alleged failure of Plaintiff's petition to state a claim for relief under federal pleading standards. Plaintiff opposes the Motion only with respect to the claims of breach of fiduciary duty and violation of OCPA.[2]

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief

---

[2] Plaintiff argues that its pleading sufficiently states a claim of insurer's bad faith, but Travelers does not seek dismissal of this claim. Plaintiff also disputes in its response brief whether the jurisdictional amount of § 1332(a) is automatically satisfied by a request for punitive damages. However, Travelers' basis for jurisdiction is a pre-suit demand letter stating that Plaintiff had sustained actual damages of $462,131.90. *See* Notice of Removal, ¶ 5.c.

2

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *See id*. at 679. The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

**Plaintiff's Allegations**

Plaintiff alleges that it entered into an insurance contract with Travelers to provide coverage for real and personal property located in Norman, Oklahoma. Plaintiff states that it purchased the insurance policy from a Travelers' agent who was familiar with Plaintiff and had previously served its commercial insurance needs. Plaintiff alleges that it relied on the agent's advice to purchase replacement cost coverage and relied on the agent to procure the replacement cost coverage Plaintiff requested. Travelers allegedly issued a business owner's policy to Plaintiff, and represented that it would conduct itself in accordance with Oklahoma law and would fully investigate and pay any claims. On April 17, 2013, the insured property allegedly sustained severe damage as a result of a hailstorm. Plaintiff alleges that a timely claim was submitted, and Travelers confirmed the loss was covered by the policy.

As pertinent to the Motion, Plaintiff asserts in its pleading, first, that Travelers breached the insurance contract by failing to pay the full amount owed under the policy. Second, Plaintiff asserts that Travelers acted in bad faith by failing to pay the full amount of coverage due under the policy, by violating the Unfair Claims Settlement Practices Act, by

3

failing to communicate all coverages and benefits applicable to Plaintiff's insurance claim, by forcing Plaintiff to retain counsel to recover insurance benefits to which it is entitled, by failing to conduct a fair and objective investigation of the property damage, and by engaging in a systematic scheme designed to save money otherwise owed to Plaintiff. Third, Plaintiff asserts that Travelers breached a fiduciary duty owed to Plaintiff as a result of a special relationship arising from "the unequal bargaining power between the parties, the quasi-public nature of insurance, and the potential for [Travelers] to unscrupulously exploit that power at a time when Plaintiff was most vulnerable." *See* Petition [Doc. No. 1-5], ¶ 34. The remaining claims asserted in Plaintiff's petition allege negligence of Travelers' agent, Metzler Bros. Insurance, in procuring the insurance policy, misrepresenting the coverage provided, and calculating the proper amount of replacement cost coverage. Plaintiff has responded to the Motion regarding these claims by stating that the Motion is "moot" due to Plaintiff's dismissal of other defendants. From this, the Court understands that Plaintiff has abandoned the Fourth, Fifth, and Sixth Causes of Action of its pleading, and they will not be addressed further.

## Discussion

**A.  Punitive Damages**

Travelers contends punitive damages cannot be recovered for a breach of contract. While this is a correct statement of Oklahoma law, an award of punitive damages is a remedy and not an independent claim. A Rule 12(b)(6) motion tests the sufficiency of a claim rather

4

than a prayer for relief. "[T]he prayer for relief is no part of the cause of action and . . . the parties are entitled to such relief and to such judgment as the complaint . . . makes out." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) (internal quotation omitted). Thus, this aspect of Travelers' Motion is procedurally improper. However, it could properly be viewed as a motion under Rule 12(f), which authorizes a district court to strike immaterial matter from a pleading.

Plaintiff does not address Travelers' contention regarding punitive damages in its response, except to argue that a recovery of punitive damages in this case is governed by Okla. Stat. tit. 23, § 9.1(B). The cited statute applies only to "the breach of an obligation not arising in contract" and permits an award of punitive damages upon clear and convincing proof that "[a]n insurer has recklessly disregarded its duty to deal fairly and act in good faith with its insured," if actual damages are awarded. *See* Okla. Stat. tit. 23, § 9.1(A), (B)(2). Accordingly, punitive damages are available in this case if Plaintiff prevails on its bad faith claim against Travelers but not if Plaintiff only prevails on its breach of contract claim. Therefore, the Court finds that Plaintiff's allegations regarding punitive damages should be stricken from its First Cause of Action claiming a breach of contract.

**B.     Breach of Fiduciary Duty**

Travelers contends that Oklahoma law has not recognized a fiduciary relationship between an insurer and an insured, citing *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013). Plaintiff responds that a fiduciary relationship "can arise anytime

5

the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person," quoting *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994) (applying Oklahoma law, internal quotation omitted). In particular, Plaintiff contends a fiduciary relationship may exist "where there is 'overmastering influence' on one side or 'dependency or trust, justifiably reposed' on the other," quoting *Roberson v. PaineWebber, Inc.*, 998 P.2d 193, 198-99 (Okla. Civ. App. 1999).

Plaintiff's legal authorities are inapposite under the factual allegations of its pleading. As to Travelers, Plaintiff alleges only unequal bargaining power, an insurer's quasi-public role, and a potential for exploitation. In *Quinlan*, the Tenth Circuit opined that Oklahoma law "would recognize a fiduciary duty arising out of a commercial contract if the transaction involved facts and circumstances indicative of the imposition of trust and confidence, rather than facts and circumstances indicative of an arms length commercial contract." *Quinlan*, 25 F.3d at 942. Plaintiff's pleading contains conclusory allegations of undue influence and specialized knowledge of Travelers' agent, and dependency and trust by Plaintiff. However, Plaintiff pleads no facts from which to infer that a corporation seeking commercial insurance coverage from an insurance agent offering such coverage was engaged in anything other than an arms length transaction. Accordingly, the Court finds that Plaintiff's pleading fails to state a plausible claim against Travelers for breach of fiduciary duty.

Plaintiff also argues that sufficient facts to establish a fiduciary relationship may come to light during discovery so dismissal would be premature. To satisfy Rule 8(a), however,

"[t]he complaint must plead sufficient facts, that when taken as true, provide 'plausible grounds' that 'discovery will reveal evidence' to support plaintiff's allegations." *See Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Plaintiff has failed to plead such facts. Further, because this case will proceed on other claims, Plaintiff may seek leave to amend its pleading to state a breach of fiduciary claim, if warranted by additional facts, within the deadline that will be set by the scheduling order.

C.  **Oklahoma Consumer Protection Act**

Travelers contends that an insurer cannot be held liable under the OCPA because insurance is a regulated industry under control of the Oklahoma Insurance Commissioner, and OCPA expressly exempts "transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under the statutory authority of this state." *See* Okla. Stat. tit. 15, § 754(2). In response, Plaintiff "does not dispute that [Travelers] is regulated by the Department of Insurance," but argues that the specific conduct alleged in its pleading is not regulated by the Oklahoma Insurance Code or the Insurance Commissioner. *See* Pl.'s Resp. Br. [Doc. No. 10], p.7.

Upon consideration of the allegations of Plaintiff's pleading in support of an OCPA claim, the Court finds that the alleged conduct by Travelers involves representations regarding the insurance agreement, disclosures of information when the policy was sold, and unconscionable conduct of "accepting insurance premiums but refusing without reasonable basis to pay benefits due and owing." *See* Petition [Doc. No. 1-5], ¶ 89. The regulatory

authority of the Insurance Commissioner under the Oklahoma Insurance Code, Okla. Stat. tit. 36, §§ 101-7301, expressly encompasses the conduct of insurers in the marketing and sale of insurance policies, disclosures of information, and the adjustment of claims. Further, the Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance." *See id*. § 307. Therefore, accepting Plaintiff's position that the particular conduct at issue must fall within the authority of the Insurance Commissioner, the Court finds that Plaintiff's claim falls within the OCPA exception for regulated transactions.

Further, the Court is persuaded by the conclusion of an Oklahoma appellate court that the exemption of § 754(2) applies when an OCPA claim rests on "an insurer's activity in the business of insurance." *See Conatzer v. Am. Mercury Ins. Co.*, 15 P.3d 1252, 1255 (Okla. Civ. App. 2000). Federal courts called to consider the exemption have agreed. *See Childs v. Unified Life Ins. Co.*, 781 F. Supp. 2d 1240, 1250 (N.D. Okla. 2011); *Thomas v. Metro. Life Ins. Co.*, 540 F. Supp. 2d 1212, 1228 (W.D. Okla. 2008).

For these reasons, the Court finds that Travelers is entitled to dismissal of Plaintiff's OCPA claim as a matter of law.

## Conclusion

Assessing Plaintiff's pleading under the applicable Rule 12(b)(6) standard, the Court finds that the pleading is sufficient to state claims for breach of contract and breach of the insurer's duty of good faith and fair dealing, but the dismissal of all other claims asserted

against Travelers is warranted. The Court further finds that Plaintiff's request for punitive damages on its breach of contract claim should be stricken.

IT IS THEREFORE ORDERED that the Motion to Dismiss [Doc. No. 8] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 5th day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE